ROBERT W. WINTER, JR., Assistant Director-Business Finance,Wisconsin State Universities System
You have requested the opinion of Mr. Bleck regarding the interpretation of sec. 37.11 (8)(ak). Stats., as created by ch. 90, Laws of 1971. In this regard, you have furnished the hypothetical situation wherein a minor, whose parents are bona fide residents of this state, enrolls as a resident student for the academic year 1969-1970; that the following academic year, 1970-1971, his parents moved from the state, and the minor student was classified as a nonresident for this academic year as well as for the first semester of the current academic year, or 1971-1972. You *Page 75 
now ask whether this student may be classified as a resident for tuition purposes. You are particularly concerned as to whether the statute requires continuous classification as a resident student.
The statute does not require continuous enrollment or classification as a resident student; however, in answer to the hypothetical question you have posed, the student may not be classified as a resident for tuition purposes.
Sec. 37.11 (8)(ak), Stats., of ch. 90, Laws of 1971, reads:
"Any student who is a graduate of a Wisconsin high school and whose parents are bona fide residents of this state for one year next preceding the beginning of any semester for which the student registers at a state university or whose last surviving parent was a bona fide resident of this state for the year preceding his death is entitled to the exemptions provided in par. (a)."
It was my understanding that ch. 90 was intended to alleviate the situation where a minor student is enrolled as a resident and then subsequently loses his residency status due to the removal of his parents from the state.
The statute is ambiguous in many respects. Unfortunately, the statute does not employ the phrase "whose parents had been bona fide residents of the state" or "whose parents were bona fide residents of the state." A strict and literal reading of the statute results in the minor's loss of resident classification by any removal of the parents from the state, for the statute uses the phrase "whose parents are bona fide residents of this state" and does not contain any language to the effect that the minor student shall continue to be entitled to resident classification, notwithstanding the removal of his parents.
The file in the Legislative Reference Bureau contains a letter from the secretary of the Board of Regents, which letter stated in part:
"However, it does seem to me that there might be some merit in considering an amendment to such legislation which would exempt from the non-resident tuition classification students who graduated from Wisconsin secondary schools and whose parents are legal residents of Wisconsin or whose last surviving parent was a legal resident of Wisconsin. I believe that the original intent of *Page 76 
such legislation was that those parents who are legal residents of Wisconsin and have supported the University through the payment of taxes should have the benefit of their children being able to attend the University exempt from the payment of nonresident tuition regardless of what their state of residency may have become following their reaching their majority."
This same file further indicates that Senator Knutson, to whom the above referred to letter was written, wished to have legislation passed which would permit resident classification or eligibility for resident tuition for those students whose parents were, in fact, residents of this state, or who had died as residents of this state.
Chapter 90 does not, in my opinion, cover the situation of where a minor's parents leave the state. In such situations, the minor loses his residency and adopts the residency of the state where the parents have established a new home.
Chapter 90 does, in my opinion, cover the situation where the student returns to the state after apparently having lost his bona fide residency. Notwithstanding this situation, this particular student may be classified as a resident if his parents are still residents of this state, or if the last surviving spouse died a resident of this state.
Additionally you have asked whether sec. 528 (3) of ch. 125, Laws of 1971, requires that the student be continuously enrolled in order to be eligible for resident tuition under sec. 37.11 (8)(am), Stats., as repealed by sec. 240 of the budget.
Sec. 528 (3) reads:
"(3) TUITION STATUS CHANGE. The treatment of sections 36.16 (1)(e) and 37.11 (8)(am) of the statutes by this act, relating to repeal of the statutory provision providing residency status to persons covered by income tax reciprocity, shall not apply to persons enrolled at university of Wisconsin or state university campuses for the first semester of the 1971-1972 academic year. Such persons, if they are freshmen, shall be entitled to 8 semesters of resident status; if they are sophomores, 6 semesters; if they are juniors, 4 semesters; and if they are seniors, 2 semesters. If they are master's degree candidates or the *Page 77 
equivalent, they shall be entitled to a maximum of 4 semesters of residency status, beginning with the first semester of the 1971-72 academic year. Eligibility shall terminate upon granting the master's degree or its equivalent. If the students are doctoral candidates or the equivalent, they shall be entitled to 8 semesters of eligibility, beginning with the first semester of the 1971-72 academic year. Eligibility shall terminate upon granting the doctoral degree or its equivalent."
It appears from the above-quoted language of the section that the only requirement is that the student be enrolled for the first semester of the academic year 1971-1972. Eligibility terminates upon securing of a degree or exhaustion of prescribed semesters, whichever occurs first. However, it is not necessary, in my opinion, that the student be continuously enrolled. For example, a freshman student who is enrolled the first semester of the school year 1971-1972 has eight semesters of eligibility. This student may attend the 1971-1972 year and use two semesters of his eight-semester eligibility. This student may then leave school for one year and return the following year with six semesters of eligibility remaining to his credit.
RWW:CAB